Abraham G bruin off, J.
Defendant moves for dismissal of the second amended complaint for legal insufficiency or, in the alternative, for dismissal pursuant to rule 107 of the Eules of Civil Practice upon the ground that the action is time barred.
The original complaint contained two causes of action and an application was made for the dismissal of each cause for insufficiency. It was alleged in the first cause that the plaintiff and defendant, brother and sister respectively, were residents of West Germany at the time of the decease of their mother in September, 1939 and that, under the German law, the parties were the sole and equal inheritors. Defendant took and retained certain property constituting the mother’s estate. Thereupon, the defendant represented to the plaintiff that, by virtue of the provisions contained in the will of their grandfather, who died in 1933, the property in issue belonged solely to the defendant and did not constitute part of the assets of the estate of the mother. The falsity of the representation was discovered in December, 1959.
By the first cause of action, plaintiff sought an accounting. In dismissing it, the court relied on Mertz v. Mertz (271 N. Y. 466, 473) where it was stated: “Where a party seeks in this State enforcement of a cause of action created by foreign law, he can avail himself only of the remedies provided by our law, and is subject to the general limitations which are part of our law.” Accordingly, it was found that an accounting is not an available remedy to recover the damage resulting from the breach of the defendant’s duty.
The second cause contained in the original complaint was laid in deceit. Concerning it, the court stated: ‘ ‘ However, any damage recoverable in relation to the property or its value at the time of breach of duty is includable in the first cause of action, if and ivhen it is properly stated.”
In the present second amended complaint, a single cause is stated and its statement is not barred by the prior order. In that cause, it is alleged and it is contended that the plaintiff and defendant were not in fiduciary relationship but were in relationship of confidence and that plaintiff did have faith and confidence in defendant’s representation to him that the specified subject assets, constituting gems, jewelry and furs, had become her rightful share of the estate of the deceased grandfather and did not form a part of the assets of the estate of the *482 deceased mother. Discovery of the alleged fraud arose by reason of a demand made upon the plaintiff by the tax authorities of West Germany in December, 1959. While, by the present cause of action, plaintiff continues to seek an accounting, nevertheless, this relief is incidental to the main relief sought, the impressment of a trust, and upon the trust relationship arising by reason of defendant’s fraud in breach of the confidence imposed.
In Oursler v. Armstrong (10 Misc 2d 654, affd. 8 A D 2d 194, revd. 10 N Y 2d 385) husband and wife made mutual wills and upon the death of the husband, the wife made a subsequent will disposing of her estate contrary to the terms of the mutual wills. Plaintiff had recovered a judgment after trial, the Appellate Division affirming, and while the Court of Appeals reversed and dismissed the complaint, Vast Vookhis, J., in the course of his opinion (p. 391) stated: “ This is all very well in instances where a defendant is charged as a trustee ex maleficio without intending to become a trustee in fact in instances where he has misappropriated property belonging to another. It has no application to the present case where no property has been misappropriated and it is admitted that a moral obligation alone is not enough to set a court in motion to compel the devolution of property in a certain way (Amherst Coll. v. Ritch, supra [151 N. Y. 282]; Oursler v. Armstrong, 8 A D 2d 194, 197, citing Wood v. Rabe, supra [96 N. Y. 414], p. 421).” This observation was made in relation to a statement in the prevailing opinion in the Appellate Division that ‘ * It is the weight of judicial power that imposes the constructive trust; it is a trust fashioned by the moral mandate of equity.”
In all the circumstances, therefore, there is sufficient in the complaint upon which to base a claim for the impressment of a trust.
The facts and circumstances affecting the question whether the action is time barred are in total conflict. The time when the cause of action accrued and the limitation began to run in relation to the time when the wrong was discovered and demand could be made cannot be determined upon the basis of this submission.
The motion is denied in all respects with leave to the defendant to plead the Statute of Limitations in the answer.